IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HAROLD MOSES COVERT,                                                                                     PLAINTIFF
ADC #151511

v.                                              4:22CV00009-LPR-JTK

D. PAYNE, et al.                                                                                          DEFENDANTS

## ORDER

Harold Moses Covert ("Plaintiff") has filed a Motion to Compel. (Doc. Nos. 49-51). Defendants Payne, Reed, Shipman, Naylor, Washington, Taylor, and Brown (collectively, "Defendants") have responded. (Doc. No. 56). For the reasons set out below, Plaintiff's Motion (Doc. No. 49) is DENIED.

Plaintiff asserts Defendants did not respond to his discovery requests in a timely manner. (Doc. No. 50). Plaintiff argues that, as a result, Defendants lost the right to raise objections to any of his discovery requests. (Id.) Plaintiff seeks to view certain video footage, and challenges Defendants' responses to certain requests. (Id.)

**I.      Failure to Confer in Good Faith**

Defendants correctly point out that Plaintiff's Motion and supporting documents do not include a statement that Plaintiff tried to resolve the discovery issues in dispute before seeking assistance from the Court. (Doc. No. 56 at 2). Defendants assert that Plaintiff failed to confer in good faith before filing his motion, as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.2(g). (Id.). Defendants argue that, as a result, Plaintiff's Motion should be summarily dismissed. (Id.).

Rule 7.2(g) of the Local Rules for the Eastern and Western Districts of Arkansas requires that the party filing a motion to compel include "a statement that the parties have conferred in good

faith on the specific issues in dispute and they are not able to resolve their disagreements without the intervention of the Court." LOCAL RULE 7.2(g). Rule 37 of the Federal Rules of Civil Procedure contains a similar requirement. FED. R. CIV. P. 37(a)(1). That Plaintiff did not confer with Defendants before filing his Motion is grounds for the Motion to be denied.

## II.     Defendants' Responses Were Timely

Plaintiff contends Defendants' responses were not timely. (Doc. No. 49 at 1; Doc. No. 50 at 1). Defendants' responses, however, were timely submitted. After receiving a seven-day extension to the date by which their discovery responses were due, Defendants' deadline to respond to Plaintiff's discovery requests was May 20, 2022. (Doc. No. 47). Defendants received Plaintiff's requests on April 14, 2022. (Doc. No. 56-1 at 13). Defendants responded to Plaintiff's requests on May 19, 2022. (Doc. No. 56-3). As such, Defendants' responses were not late.

## III.    Insufficient Information

Plaintiff argues that all documents or information requested by him in Document 33, Document 34, and Document 35 are relevant to his case. (Doc. No. 50 at 3). The Court notes that Plaintiff filed his discovery requests in this case, and the references Plaintiff makes to Documents 33, 34, and 35 are references Plaintiff's docketed requests. (Doc. Nos. 33-35). Plaintiff does not, however, explain with which of Defendants' responses Plaintiff disagrees. Plaintiff provided insufficient information for the Court to properly rule on these points. Plaintiff's Motion is denied on these points. If Plaintiff wishes, he may renew his Motion and provide additional information on these points.

### IV. Plaintiff's Challenges to Identifiable Discovery Responses

Plaintiff's challenges to identifiable discovery responses are discussed below.

#### A. Request for Production No. 1

Plaintiff requested to view "surveillance from the following date and time 6-30-2021 4:30 p.m to 5:40 p.m." (Doc. No. 49 at 5). Defendants objected as follows:

> Defendants object to this request because it seeks information that is not relevant to any party's claim or defense, is over broad, unduly burdensome, and is disproportionate to the needs of the case and is, therefore, outside the scope of permissible dismissible discovery under Fed. R. Civ. P. 26(b)(1). **Without waiving their objection, Plaintiff he [sic] may request the right to view any relevant video of the incident at issue in this case that may exist at the unit where he is housed**.

(Id. at 5-6) (emphasis added). Defendants point out that Plaintiff does not allege that he tried to schedule a time to view the video, or that Plaintiff was ever denied the opportunity to do so. As such, Defendants argue Plaintiff's Motion on this point should be denied. The Court agrees. Plaintiff should schedule a time to view the video. If Plaintiff's request to watch the video is denied, Plaintiff may renew his motion to compel on this point.

#### B. Interrogatory No. 1

Plaintiff seeks to compel Defendants to "[i]dentify all persons that the Defendants intend to qualify as expert witnesses or who the Defendants will obtain testimony from in the trial of this case." (Doc. No. 50 at 3). Defendants responded as follows:

> This case is not set for trial. Defendants have not identified whether an expert is necessary for trial at this time. If the Plaintiff's claims survive summary judgment and a trial date is set Defendant will identify their expert, if one is necessary, and any other witnesses in accordance with the scheduling order issued by the court.

(Doc. No. 56-3 at 8). The Court cannot say Defendants' answer to Plaintiff's Interrogatory No. 1 was insufficient or improper. Accordingly, the Court denies Plaintiff's Motion on this point.

## C.  Request for Production No. 9

In Plaintiff's Request for Production No. 9, he seeks "complete reports reflecting Defendant W. Washington using excessive force upon any other prisoner any and all documents concerning any review or investigations of any incidents." (Doc. No. 56-2 at 42). Defendants responded as follows:

> Objection. Providing confidential investigative materials to the Plaintiff would pose a risk to the safety of employees, inmates, and the public. Conflict and violence in the prison often arises when one inmate learns of alleged behavior or statements by another inmate. The Internal Affairs investigative materials may contain confidential statements by inmates or ADC staff regarding an inmate's statements or actions. Releasing such statements to an inmate could pose a significant safety and security risk to those inmates, staff, or Plaintiff. Further, for security inmates are not permitted access to or information concerning ADC staff employment records. Lastly, due to security reasons, inmates are not allowed to possess information about other inmates.

(Doc. No. 56-2 at 42).

Plaintiff argues that the kind of information he seeks is relevant to his claim that Defendants Payne, Reed, Gibson, Shipman, Carroll and Taylor failed to protect Plaintiff from excessive force by Defendant Washington, and nothing has been done to Defendant Washington. (Doc. No. 50 at 4).

Plaintiff's failure to protect claim against Defendant Washington is based on Defendant Washington's alleged statement to Plaintiff that Defendant Washington "wish he had a saw he would cut Plaintiff head off," which Plaintiff interpreted as a threat Defendant Washington would kill Plaintiff. (Doc. No. 2 at 6). Considering the basis of Plaintiff's claim, and the special safety considerations in prisons as set out in Defendants' response, the Court denies Plaintiff's Motion on this point. The Court further notes Plaintiff did not claim corrective inaction and there is a pending Motion for Summary Judgment on the issue of exhaustion as to Plaintiff's failure to protect claim.

**D.     Request for Admission No. 1**

Plaintiff's Motion sets out that "[t]he document state as Exhibit-1 to the Request does it state a use of force incident."   (Doc. No. 50 at 3).

Defendants responded: "Admitted to the extent that Exhibit 1 states what it states."   (Doc. No. 56-2 at 30). Defendants' response is a sufficient response.   Plaintiff's Motion is denied on this issue, as well.

IT IS SO ORDERED this 7th day of June, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE