## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**HAROLD MOSES COVERT**                                                **PLAINTIFF**
**ADC #151511**

**v.**                              **Case No. 4:22-CV-00009-LPR-JTK**

**DEXTER PAYNE, et al.**                                               **DEFENDANTS**

### ORDER

The Court has reviewed the Proposed Findings and Recommendations (PFR) submitted by United States Magistrate Judge Jerome T. Kearney and the Defendants' Objections.[1]  After a *de novo* review of the PFR, and after careful consideration of the objections and the entire record, the Court concludes that the PFR should be, and hereby is, approved and adopted in its entirety as this Court's findings and conclusions in all respects.[2]

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 97) is GRANTED as to: (1) Plaintiff's official-capacity damages claims against all Defendants; and (2) Plaintiff's failure to train claims against Defendants Payne, Reed, Gibson, Carroll, and Naylor.[3]  The summary judgment motion is DENIED with respect to Plaintiff's excessive force claims against Defendants Brown and Washington.  Defendants Payne, Reed,

---

[1] Docs. 108 & 109.

[2] The PFR's discussion of the second prong of qualified immunity might have benefited from additional elaboration. Ultimately, however, it's not wrong.  If the punch, the folding of Plaintiff's legs backwards up to his head, and the subsequent increase of pressure brought to bear on his back were obviously not necessary to control the situation, clearly established law recognizes those actions (or any one of them) as excessive force.  The obviously-not-necessary-to-control-the-situation question cannot be answered until the jury considers a bunch of predicate facts.  Thus, qualified immunity cannot be settled now, but must be settled at trial.

[3] As Judge Kearney notes on page 13 of the PFR, Plaintiff included Defendants Brown and Washington in his failure to train claim, but the claim was based on their own lack of training, not on their failure to train other ADC officials. *See* Compl. (Doc. 2) at 13–15.  To be clear, the Court does not find that Plaintiff stated a viable failure to train claim against either of these Defendants.  Following the entry of this Order, the only live claims remaining in this case are Plaintiff's excessive force claims against Defendants Brown and Washington, related only to conduct that occurred after Defendants sat Plaintiff down in front of VSM (after carrying him).

2

Gibson, Carroll, and Naylor are hereby dismissed as parties to this action. A scheduling order related to trial will be issued, and counsel will be appointed for the Plaintiff.

IT IS SO ORDERED this 20th day of September 2023.

_____

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE